IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA OPULENTO, on behalf of the Estate of JESSICA FORTSON; FRANK HAMPP, and JOSEPH TUI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY; TOMMY JOHNSON, Director, Hawai'i Department of Public Safety; GAVIN TAKENAKA, Health Care Director, Hawai'i Department of Public Safety, Corrections Division; DOES 1-30,<br><br>Defendants. | CIVIL NO. 19-00315 RT |

**<u>SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>**

Whereas the Plaintiffs and the Defendants[1] agree that they are interested in resolving the present litigation and providing reasonable and appropriate measures

---

[1] On January 1, 2024, the Department of Public Safety was redesignated as the Department of Corrections and Rehabilitation. See Haw. Rev. Stat. § 26-14.6(d) (Supp. 2022). In this Settlement Agreement the Defendants are collectively referred to as "DCR."

for the treatment of inmates with serious mental illnesses incarcerated in Hawai'i's jails and prisons;

Now therefore, the parties agree as follows:

## A. PRELIMINARY ASSESSMENT OF THE OAHU COMMUNITY CORRECTIONAL CENTER AND THE HALAWA CORRECTIONAL FACILITY

1. Two persons with appropriate knowledge and expertise in the provision of mental health care in a correctional setting shall perform a preliminary assessment of the Oahu Community Correctional Center ("OCCC") and the Halawa Correctional Facility ("HCF") to include the following:

2. Review all policies pertaining to mental health inmates including but not limited to assessments, diagnosis, treatment plans, referral criteria, follow up care, Hawaii State Hospital referrals, housing and re-entry.

a. Outline appropriate treatment plans for severe and persistent mental illness ("SPMI") inmates, for inmates with dual diagnosis and those with frequent suicide attempts but no SPMI diagnosis.

b. Recommendation for a preferred screening tool for qualified mental health staff and intake services to trigger referral to licensed staff.

3. List of training criteria and content for security staff.

a. Content for new cadets training.

b. Content and requirements for retraining seasoned staff.

c. Identify special requirements for those requesting mental health posts.

4. List of training criteria and content for mental health and medical staff.

a. Identify appropriate staff to sufficiently diagnose and treat mentally ill population given the current climate of staffing options.

b. Recommend acceptable alternative practices when staffing is insufficient.

c. Identify appropriate staffing ratios for SPMI census.

d. Recommend training criteria for medical staff including nursing and LPNs.

e. Recommend training for unlicensed mental health providers i.e., social workers and human services professionals.

f. Recommend housing policies for those with active suicidal ideation, including assessment and reassessment criteria.

g. Identify critical areas of delinquency in current housing and supervision of suicide and safety watch cells.

h. Review current limitations to diagnosis and recommendations for oversight.

i. Review and recommend appropriate discharge planning criteria.

j. Recommendation for a preferred suicide risk assessment with certification program for licensed mental health staff.

5. Review and assist in outlining criteria for administrative segregation hearings to include mental health staff to ensure that behavior associated with a known diagnosis does not incur criminal charges, to decriminalize mental health disorders within the facility.

6. The two persons described in paragraph 1 *supra* are referred to in this Settlement Agreement as "the Panelists." The Panelists are an advisory panel. Their role is to provide non-binding, informed guidance and recommendations to aid DCR in its continuing efforts to provide reasonable and appropriate measures for the treatment of inmates with serious mental illnesses incarcerated in Hawai'i's jails and prisons.

7. The parties anticipate that the Panelists will conduct onsite visits to OCCC and HCF during the week of June 16, 2025. The Panelists shall have access to all relevant DCR policies, procedures, and records, as well as access to all staff and inmates. All non-public information obtained by the Panelists shall be maintained in a confidential manner. The Panelists, as well as Plaintiffs' counsel and all members of the class certified by the Court, must sign a confidentiality agreement prior to being provided with any documents that implicate safety and security, or medical privacy, or any other confidential documents. The

confidentiality agreement shall further prohibit re-dissemination of such documents and public comments by the Panelists concerning their work. Further, the parties agree to keep the Panelists' reports confidential and not disseminate such reports to third parties, except as in accordance with a protective order.

8. Although DCR's implementation of the Panelists' recommendations is subject to funding by the Hawaii State Legislature, the parties agree and commit to advocate for and fully support application to the Legislature to obtain the necessary funding.

**B. MONITORING**

9. Subject to the funding referred to in paragraph 8 *supra,* the parties agree that an Agreement Monitoring Panel ("AMP") shall be established to devise procedures for monitoring DCR's implementation of the Panelists' recommendations. The details of the AMP's work shall be negotiated by the parties hereafter.

10. Other than in this lawsuit, information and documents obtained, as well as any and all reports issued by the Panelists, shall only be admissible in other proceedings after prior notice to the State and its counsel and an opportunity for a judge to review the matter in camera and adjudicate any objections to such use and/or admissibility. In this lawsuit, the admissibility into evidence of any information or documents provided to the Panelists, or of any reports by the

Panelists, or portions thereof, shall be governed by the Federal Rules of Evidence, and the parties reserve all rights to either seek admissibility or object to admissibility of those reports. Reports shall be admitted into evidence only after entry of an appropriate protective order, and the filing party shall seek leave to file any such report under seal in accordance with the Local Rules of Practice for the United States District Court for the District of Hawai'i.

11. Unless such conflict is waived by the parties, the Panelists shall not accept employment or provide consulting services that would present a conflict of interest with their responsibilities under this Settlement Agreement, including being retained (on a paid or unpaid basis) by any current or future litigant or claimant, or such litigant's or claimant's attorney, in connection with a claim or suit against the State or its departments, officers, agents or employees relating to the provision of mental health treatment in Hawai'i's jails and prisons.

**C. RELEASE OF CLAIMS**

12. The named Plaintiffs, individually and on behalf of their heirs, beneficiaries, successors and assigns, in consideration of the benefits of this Settlement Agreement, release and forever discharge DCR, the State of Hawai'i, all agencies of the State of Hawai'i, all present and former officers, employees and agents of the State of Hawai'i, (including all current and former employees of the State of Hawai'i), in both their official and individual capacities, their heirs,

successors and assigns, from all claims and liabilities of any kind which Plaintiffs or DCR had, have, or may have for declaratory or injunctive relief arising from the acts or omissions alleged in this lawsuit. Furthermore, all class members as defined in the Order entered in the District Court on June 30, 2022 (ECF No. 98), individually and on behalf of the Class, their heirs, beneficiaries, successors and assigns, in consideration of the benefits of this Settlement Agreement, release and forever discharge DCR, the State of Hawai'i, all agencies of the State of Hawai'i, and all present and former officers, employees and agents of the State of Hawai'i (including all current and former employees of the State of Hawai'i), in both their official and individual capacities, their heirs, successors and assigns, from all claims and liabilities of any kind for declaratory or injunctive relief arising from the acts or omissions alleged in this lawsuit.

**D. NO ADMISSION OF LIABILITY**

13. The parties represent and warrant to each other that the parties specifically understand and agree that this Settlement Agreement is a settlement and compromise of their differences to resolve any and all claims for declaratory and injunctive relief that were raised in this lawsuit and is a compromise of disputed claims without any adjudication of the rights, claims and defenses of the parties.

14. The existence of this Settlement Agreement shall not be construed

as an admission of liability or of the truth of the allegations, claims, or contentions of any party. There are no covenants, promises, undertakings, or understandings between the parties outside of this Settlement Agreement except as specifically set forth herein.

15. This Settlement Agreement is not a consent decree and shall not be incorporated into any judgment of the Court. To the contrary, this is a settlement agreement which the parties respectfully submit is a fair, reasonable and adequate resolution of this lawsuit.

**E. DISMISSAL**

16. Plaintiffs and DCR shall jointly sign and submit to the Court a stipulation to dismiss this action without prejudice. The parties will file a joint motion for an order to give notice to the members of the certified class, and for a fairness hearing pursuant to Fed. R. Civ. P. 23(e).

17. The parties also agree that, if the Court approves this Settlement Agreement, after Notice to the class, and a fairness hearing pursuant to Fed. R. Civ. P. Rule 23(e), the Court will order a dismissal with prejudice. The Court will remain available to the parties to resolve disputes, and if necessary, to order specific performance.

**F. GENERAL PROVISIONS**

18. This Settlement Agreement constitutes the entire understanding of the

parties on the subjects covered. The parties acknowledge that neither of them, nor their agents or attorneys, have made any promise, representation or warranty whatsoever, either express or implied, written or oral, which is not contained in this Settlement Agreement for the purpose of inducing the other party to execute this Settlement Agreement, and the parties acknowledge that they have executed this Settlement Agreement in reliance only upon such promises, representations and warranties as are contained herein, and are executing this Settlement Agreement voluntarily and free of any duress or coercion.

19. This Settlement Agreement shall be construed and the rights of the parties determined in accordance with the laws of the State of Hawaiʻi.

20. If any term, provision or covenant of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, the remaining terms, provisions, and covenants of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

21. This Settlement Agreement may be executed and delivered by way of electronic signature and transmission, and may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

22. This Settlement Agreement shall not be construed to create rights in,

or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Settlement Agreement.

23. The parties represent and warrant that they have the authority to agree to, and to execute, the terms specified herein.

## G. ATTORNEYS' FEES

24. Subject to approval by the Hawaii State Legislature, DCR agrees to pay counsel for the Plaintiffs $100,000.00 as the reasonable attorneys' fees and costs incurred in connection with this litigation in full and final settlement of this action.

DATED: Honolulu, Hawai'i, April 4, 2025.

Kendall J. Moser

ANNE E. LOPEZ
Attorney General of the State of Hawai'i
SKYLER G. CRUZ
KENDALL J. MOSER
Deputy Attorneys General

Attorneys for Defendants
STATE OF HAWAI'I DEPARTMENT
OF PUBLIC SAFETY, TOMMY
JOHNSON, and GAVIN TAKENAKA

DATED: Honolulu, Hawai‘i, April 4, 2025.

ERIC A. SEITZ
JONATHAN M.F. LOO
MICHAEL D. KLINGER
ROSALYN G. PAYEN

PAUL ALSTON
CLAIRE WONG BLACK
RICHARD M. CRUM

Attorneys for Plaintiffs
DONNA OPULENTO, on behalf of
the Estate of JESSICA FORTSON, FRAMK
HAMPP, and JOSEPH TUI